# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACKLYN SWEISS, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-cv-8150 |
| URAN RAMADANI and LUTFI LATIF, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (R.30). The Court also addresses Plaintiff's cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on Count I of the Amended Complaint. (R.26). For the reasons set forth below, the Court grants Defendants' motion in part and dismisses the TILA claim with prejudice. The Court denies Plaintiff's cross-motion. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, dismissing them without prejudice to Plaintiff's ability to pursue them in state court. The Court hereby dismisses this case in full.

## PROCEDURAL HISTORY

On February 9, 2016, the Court issued a Memorandum Opinion and Order (the "Order") on Defendants' motion to dismiss and for summary judgment. The Order dismissed without prejudice Plaintiff's Counts I (TILA), II (RESPA), III (fraudulent concealment), and IV

(Consumer Fraud Act), and dismissed Count V (replevin) with prejudice.[1] The Order directed Plaintiff to "file an amended complaint correcting the jurisdictional and pleading deficiencies" identified therein. (*Id.* at 1). On February 10, 2016, Plaintiff filed an amended complaint reasserting her TILA, fraud, and Consumer Fraud Act claims. (R.24). On February 21, Plaintiff moved for summary judgment on her TILA claim, requesting that the Court rescind the real estate transaction and enjoin Defendants from evicting her from the Property. (R.26). On March 1, Defendants moved to dismiss the Amended Complaint on the grounds of standing, res judicata, statute of limitations, and failure to state a claim. (R.30).

## LEGAL STANDARD[2]

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). In reviewing a complaint, the Court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however, "are not entitled to this presumption" of truth. *Id.* The Court properly considers exhibits attached to

---

[1] The Court assumes familiarity with the factual background of this action, as set forth in the Order. Capitalized terms not otherwise defined herein shall have the meaning set forth in the Order.

[2] Given the resolution of the instant motions, the Court does not consider Defendants' Rule 12(b)(1) standing arguments or Plaintiff's motion for leave to file a Second Amended Complaint, which purports to cure those standing issues. The Court hereby denies that motion (R.33) as moot.

the complaint in ruling on a 12(b)(6) motion to dismiss. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Where those exhibits contradict the complaint allegations, "the exhibits trump the allegations." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

The parties must also comply with Local Rule 56. Local Rule 56.1(a) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." *Petty v. City of Chicago,* 754 F.3d 416, 420 (7th Cir. 2014). "The non-moving party must file a response to the moving party's statement, and, in the case of any disagreement, cite 'specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citation omitted). The purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Zimmerman v. Doran,* 807 F.3d 178, 180 (7th Cir. 2015); *see also Cady v.*

*Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts . . . did not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere,* 791 F.3d 764, 767 (7th Cir. 2015).

## ANALYSIS

**I.  Count I (TILA)**

In Count I, Plaintiff again claims that she entered into "what she was told to be a loan agreement" and that—in this purported loan agreement—Defendants failed to make material disclosures required under TILA, such as those related to the annual percentage rate, the finance charge, the amount financed, the total number of payments, and the payment schedule. (R.24, Amended Compl. ¶¶ 26-29). She seeks transaction rescission and statutory damages because of Defendants' TILA violations. (*Id.* ¶ 30).

The Seventh Circuit has recognized TILA as "a disclosure statute whose fundamental purpose is to provide information to facilitate comparative credit shopping and thereby the informed use of credit by consumers." *Brown v. Marquette Sav. & Loan Ass'n*, 686 F.2d 608, 612 (7th Cir. 1982). TILA ensures "that consumers receive accurate information from creditors in a precise and uniform manner[.]" *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 751 (7th Cir. 2000). TILA "is not a general prohibition of fraud in consumer transactions or even in consumer credit transactions. Its limited office is to protect consumers from being misled about the cost of credit." *Cunningham v. Nationscredit Fin. Servs. Corp.*, 497 F.3d 714, 718 (7th Cir. 2007) (quoting *Gibson v. Bob Watson Chevrolet–Geo, Inc.*, 112 F.3d 283, 285 (7th Cir. 1997)).

4

As the Court previously recognized, only "creditors" are subject to TILA's disclosure, rescission, and civil liability provisions. *See* 15 U.S.C. §§ 1631, 1632, 1635, 1637, 1640. (R.23, Order at 9). TILA defines a creditor as: "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable[.]" 15 U.S.C. § 1602(g). "In determining whether a party is a 'creditor' under TILA for purposes of a motion to dismiss, the court must consider whether the complaint contains allegations directed at TILA's two prong definition of creditor." *Charles v. Mid-City Lumber & Supply Co.*, No. 00 C 1741, 2001 WL 303543, at *3 (N.D. Ill. Mar. 27, 2001). The Court dismissed Plaintiff's original TILA claim for failure to allege that Defendants fall into this statutory category. (R.23, Order at 7-10).

### A. The Amended Complaint's "Creditor" Allegations

In her Amended Complaint, Plaintiff alleges that "Defendants are in the regular business of extending consumer credit individually and through their mortgage company, Sierra Pacific Mortgage: http://www.sierrapacificbranch.com/home.html, which they own and operate. They extended credit more than 25 times, and more than 5 times for transactions secured by a dwelling, in the preceding calendar year." (R.24, Amended Compl. ¶ 23). This allegation recites the standard from TILA's implementing regulation, Regulation Z, that "[a] person regularly extends consumer credit only if it extended credit . . . more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year." 12 C.F.R. § 226.2(17)(v).

Defendants argue that "these conclusions and speculations are not sufficient for Rule 12(b)(6) purposes." (R.30-1, Motion to Dismiss Opening Br. at 9-10). In particular, Defendants

5

argue that they "are not owners of Sierra Pacific Mortgage nor did they sign the HUD Settlement Statement in such capacity." (*Id.*).

Even accepting as true—as the Court must—Plaintiff's allegation that the two individual Defendants "own and operate" Sierra Pacific Mortgage, the Amended Complaint still fails to raise a reasonable inference that Defendants acted as creditors with respect to the transaction at issue. Plaintiff again misses the second prong of TILA's definitional test -- the creditor must be the "person to whom the debt arising from the consumer credit transaction [was] initially payable[.]" *See* 15 U.S.C. § 1602(g); *see also Cocroft v. HSBC Bank USA*, No. 10 C 3408, 2010 WL 4386707, at *1 (N.D. Ill. Oct. 28, 2010) ("A creditor is a person to whom the debt is payable"); *Horton v. First State Bank of Eldorado*, No. 05-CV-4101-JPG, 2006 WL 328172, at *3 (S.D. Ill. Feb. 9, 2006) ("The promissory note here (the evidence of indebtedness) is payable on its face to First State, not DeFur. Therefore, DeFur is not a creditor under § 1602(f)").

Here, the HUD Settlement Statement and the Residential Lease, both attached to the Amended Complaint, clearly list the individual Defendants—not Sierra Pacific Mortgage—as the applicable borrowers, purchasers, and lessors. (R.24-1, HUD Settlement Statement at 1, 3; R.24-2, Residential Lease at 1). As the Court previously recognized, this transaction was, in form, an absolute conveyance of real estate with a leaseback and purchase option. (R.23, Order at 8). Plaintiff views the transaction, in substance, as a secured loan transaction. Either way, however, the individual Defendants were the persons to whom Plaintiff's alleged "debt" was payable. Plaintiff's exhibits belie any characterization that Sierra Pacific Mortgage was a TILA creditor with respect to this real estate transaction.

Plaintiff's allegation that she "was aware of Defendants' mortgage company at the time the loan was made, but . . . was unaware of whether the loan was through the Defendants

6

individually or their mortgage company[,]" (R.24, Amended Compl. ¶ 24), does not save her TILA claim. Even if Sierra Pacific Mortgage arranged or brokered this transaction, that does not transform the mortgage company—or the Defendants by association—into "creditors" within the meaning of TILA. *See Spearman v. Tom Wood Pontiac-GMC, Inc.*, No. IP 00-1340-C-T/G, 2000 WL 33125463, at *3 (S.D. Ind. Dec. 22, 2000) ("District courts in the Seventh Circuit have held that 'arrangers of credit' are not subject to disclosure requirements under TILA"); *Cetto v. LaSalle Bank Nat. Ass'n*, 518 F.3d 263, 277 (4th Cir. 2008) (recognizing that traditional mortgage brokers are not "creditors" under TILA).

Plaintiff makes no allegations in the Amended Complaint plausibly suggesting that Uran Ramadani and Lutfi Latif, two individuals, are "creditors" with respect to the real estate transaction at issue. *See Sales v. Urankar*, No. 08-CV-884-JPG, 2009 WL 1748498, at *4 (S.D. Ill. June 22, 2009), *aff'd*, 355 F. App'x 72 (7th Cir. 2009) (dismissing TILA claim against individual defendant). Plaintiff provides no information on these two individuals, let alone information sufficient to suggest that they "regularly" extend "consumer credit." Despite the Court's prior guidance (R.23, Order at 9-10, citing *Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1186 (4th Cir. 1985)), Plaintiff has failed to allege that Defendants made similar financing arrangements with other credit applicants besides herself, and/or that they otherwise extended consumer credit on a routine basis. Plaintiff has thus failed to state a claim under TILA.

### B. The Summary Judgment Record on Defendants' "Creditor" Status

After reviewing the record on Plaintiff's summary judgment motion, moreover, the Court is not convinced that Plaintiff is able to plead a TILA claim against Defendants. Additionally, the Court has already given Plaintiff the opportunity to re-plead her TILA claim, with specific

directions on the alleged claim's deficiencies.  Plaintiff has failed to cure these deficiencies.  Accordingly, the Court dismisses her TILA claim with prejudice.

Plaintiff's Rule 56.1 submission merely recites her Amended Complaint allegations as to Defendants' "creditor" status, with no additional detail or support.  (R.26-1, Plaintiff's Rule 56.1(a)(3) Stmt. Facts ¶¶ 2, 15; R.27, Opening Br. at ¶¶ 10-11; R.26-4, Plaintiff's Aff. ¶ 11).  In response, Defendants submit their personal affidavits, each attesting, "I am not in the regular business of giving out loans. Moreover, I have never provided any personal loan to anyone" and "I am not the owner of Sierra Pacific Mortgage."  (R.42-1, Uran Ramadani Decl. ¶¶ 2, 4; R.42-2, Lutfi Latif Decl. ¶¶ 2, 4).  Plaintiff does not contest this evidence, claiming only that Defendants "have the burden to come forth [to] testify."  (R.44, Reply at ¶ 15).

Defendants further attach the affidavits of Amy Ezeldin ("Ezeldin") and Nawal Daoud ("Daoud"), the real estate attorneys involved in the subject transaction.  (*See* R.42-3 and 42-4).  According to Ezeldin, she referred her client—Plaintiff Jacklyn Sweiss—to Mislim Ramadani ("Miz Ramadani"), an employee of Sierra Pacific Mortgage, to discuss refinancing or payoff options for the Outstanding Loan.  (R.42-3, Ezeldin Decl. ¶¶ 4-5).  Miz Ramadani later e-mailed Ezeldin, laying out "the terms of a transaction that his investor/friend would be willing to enter into" with Plaintiff.  (*Id.* ¶ 8; *see also* R.17-3, April 26, 2013 e-mail from M. Ramadani to Ezeldin ("My INVESTOR will be using his own CASH, which is comprised of most of his own savings . . .")).  Ezeldin then met with Plaintiff "and discussed other options she may have for payoff, the terms of the sale, lease and option to purchase in detail."  (R.42-3, Ezeldin Decl. ¶ 9).  Beginning on May 2, 2013, Ezeldin and Daoud—the buyers' attorney—corresponded, negotiated, and drafted closing documents for the transaction.  (*Id.* ¶¶ 9-14; R.42-4, Daoud Decl. ¶¶ 2-8).

The record reflects that Miz Ramadani was an initial proposed buyer, but only named Defendants signed the HUD Settlement Statement as buyers. (R.42-4, Daoud Decl. ¶ 8 ("Miz Ramadani decided not to buy the Property. However, Uran Ramadani and Lutfi Latif agreed"); *see also* R.17-5, May 2, 2013 e-mail from Daoud to Ezeldin ("I have been contacted by Miz as a buyer"); R.17-7, May 6, 2013 e-mail from Daoud to Ezeldin ("Yes. Miz will be on title"); R.17-9, unexecuted Warranty Deed, Affidavit of Title, Bill of Sale and Closing Statement (reflecting Miz Ramadani and Lutfi Latif as buyers)).

On May 8, 2013, the deal closed, and Ezeldin e-mailed Miz Ramadani, Defendant Uran "Lani" Ramadani, and Daoud, stating, "The Sweiss family is very appreciative and understand the terms of the lease FULLY." (R.17-11, May 8, 2013 e-mail; *see also* R.42-3, Ezeldin Decl. ¶ 15; R.42-4, Daoud Decl. ¶ 9). The Court notes that this e-mail—introduced by Defendants—reflects that Uran Ramadani is associated with Land Co. Financial. (*Id.*). Further, the Sierra Pacific Mortgage website (Oak Lawn, Illinois branch) lists Uran "Lani" Ramadani as a retail branch manager, suggesting that he does work—albeit not as the owner—at Sierra Pacific Mortgage.[3] The record does not contain any evidence suggesting that Defendant Lutfi Latif works in mortgage brokerage, consumer banking, or any related field.

Here, again, Plaintiff may not rely upon Uran Ramadani's apparent association with Sierra Pacific Mortgage to sustain her TILA claim. (R.27, Summary Judgment Opening Br. at ¶ 10 (arguing that "even if Defendants themselves, or individually, did not do more than five residential loans in the prior calendar year, their mortgage company certainly did"). Despite having had the opportunity to issue discovery, Plaintiff offers no documents, interrogatories, admissions, or deposition testimony—from either Defendants or credit applicants besides

---

[3] *See* http://www.sierrapacificmortgage.com/net/Home/Branch.aspx?passedfilter=RAMADANI.

herself—demonstrating that Defendants fit into the statutory category of "creditors." The record contains no evidence suggesting that either Defendant "regularly" transacted in sale and leasebacks which functioned substantively as equitable mortgages (such as what Plaintiff claims occurred here), or that they otherwise extended consumer credit. Assuming that this was a one-off, isolated investment transaction—and the record does not reflect otherwise—Defendants are not the "creditors" with whom Congress was concerned when it enacted TILA. *See Brown*, 686 F.2d at 612 (noting the need to "facilitate comparative credit shopping"); *Williams*, 204 F.3d at 751 (noting the need for "precise and uniform" disclosures among regulated creditors).

Given Plaintiff's lack of evidence on Defendants' "creditor" status, as well as Defendants' uncontested factual averments that neither has "provided any personal loan to anyone," the Court denies Plaintiff's cross-motion for summary judgment and dismisses her TILA claim with prejudice.[4]

## II.     Remaining State Law Claims (Counts II and III)

Plaintiff also pleads state law claims for fraud and violation of the Consumer Fraud Act. (R.24, Amended Compl.). She asserts that the Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367, and does not argue that the Court has original subject matter jurisdiction over them. (*Id.* ¶ 4). As the Court has dismissed the federal TILA claim with prejudice, it must decide whether to exercise supplemental jurisdiction over these remaining claims.

A district court "may decline to exercise supplemental jurisdiction over a claim" if, among other reasons, "the district court has dismissed all claims over which it has original

---

[4] Given the dismissal of Plaintiff's TILA claim, the Court does not consider Defendants' res judicata and statute of limitations arguments. (R.30). Further, given the resolution of these motions, the Court denies as moot Defendants' motion to strike Plaintiff's summary judgment submission for failure to comply with Local Rule 56.1. (R.41).

jurisdiction." 28 U.S.C. § 1367(c)(3); *In re Repository Techs., Inc.,* 601 F.3d 710, 724 (7th Cir. 2010). The court should also "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *In re Repository Techs., Inc.,* 601 F.3d at 724 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)). The Seventh Circuit has recognized "the sensible presumption that if the federal claims drop out *before trial,* the district court should relinquish jurisdiction over the state-law claims." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (emphasis in original); *see also Howlett v. Hack*, 794 F.3d 721, 728 (7th Cir. 2015) ("In a situation like this one, where the state-law claims have not been the focus of the litigation, the better practice is for the district court to relinquish its jurisdiction over them"); *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial") (citation omitted).

Here, the Court declines to exercise jurisdiction over the remaining non-federal claims. Whether Defendants or their alleged agent (Ezeldin) fraudulently induced Plaintiff to enter into the subject transaction is a matter of state law. Further, comity and judicial economy concerns weigh in favor of relinquishing jurisdiction here, where state eviction proceedings have already resulted in an order declaring Defendants to be the rightful possessors of the Property. (R.30-5). Finally, this case does not appear to implicate any of the "three situations in which jurisdiction over supplemental claims should be retained even though the federal claims have dropped out." *Williams*, 479 F.3d at 907 (explaining those as (i) where the statute of limitations would bar the re-filed claims in state court; (ii) where the federal court has already expended "substantial

judicial resources" on the claims; and (iii) where "it is obvious how the claims should be decided").

For these reasons, the Court dismisses Plaintiff's remaining claims without prejudice. *Harvey*, 649 F.3d at 533 (noting that, once a district court declines to exercise supplemental jurisdiction over state law claims, "the proper course [is] to dismiss them without prejudice"); *Howlett*, 794 F.3d 728-29 (noting that the plaintiff "will be free to seek to pursue [such claims] in state court").

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion in part and dismisses the TILA claim with prejudice. (R.30). The Court denies Plaintiff's cross-motion for summary judgment on the TILA claim. (R.26). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and dismisses the case without prejudice to Plaintiff's ability to pursue her remaining state law claims in state court.

**Dated:** April 7, 2016

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge